UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER SAYNE BROOKS,<br><br>    Plaintiff,<br><br>v.<br><br>LT. HENRY, et al.,<br><br>    Defendants. | Case No. 3:17-cv-00708<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Newbern |

To:    The Honorable Aleta A. Trauger, District Judge

### REPORT AND RECOMMENDATION

This matter has been referred to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B). (Doc. No. 5.)

Now pending is a motion for summary judgment filed by Defendant Corporal Michael Graulau. (Doc. No. 11.) Plaintiff Christopher Sayne Brooks has not responded in opposition. For the following reasons, the Magistrate Judge RECOMMENDS that Graulau's motion (Doc. No. 11) be GRANTED.

### I.    Factual and Procedural History

Brooks filed this lawsuit under 42 U.S.C. § 1983 on April 11, 2017, while he was in the custody of the Davidson County Sheriff's Office (DCSO). (Doc. No. 1, PageID# 1.) Brooks named as defendants Lieutenant Henry, the "Warden," Corporal Graulau, "4 other[s]," "Lt. Comrade," "S[r]g. [H]oward," and "Lt. Dail." (*Id.* at PageID# 3.) In its June 22, 2017 order, the Court granted Brooks's application to proceed in forma pauperis and dismissed all defendants other than Graulau, finding that they were "either not mentioned in [Brooks's] statement of facts, or [were] referenced

in a context that is either too incoherent or illegible to enable [] the [C]ourt to discern what [Brooks] alleges they did." (Doc. No. 5, PageID# 27.) The dismissal of those defendants was without prejudice to Brooks's "ability to file an amended complaint in which he clearly states what each defendant did to violate his constitutional rights and when s/he did so." (*Id.*) Brooks did not file an amended complaint.

Brooks claims that, on July 18, 2016,[1] while incarcerated at the Criminal Justice Center in Nashville, Tennessee, he suddenly had a "flashback" and "fear[ed] [for his] life" while Graulau was removing his handcuffs. This caused him to "jerk the cuffs." (Doc. No. 1, PageID# 2.) Brooks alleges that Graulau responded by "beat[ing] [Brooks's] arm" until it started to bleed. (*Id.*) Brooks claims that this constituted excessive force and states that he has "been going [through] mental health issue[s]," which have "been worse since [the incident]." (*Id.* at PageID# 3.) He seeks "payments d[ue] to[] mental and p[hysical] pain." (*Id.* at PageID# 7.)

Graulau filed this motion for summary judgment on September 13, 2017. (Doc. No. 11.) Graulau argues that Brooks's claim of excessive force "should be dismissed because [Brooks] has not properly grieved his claims as required by the Prison Litigation Reform Act of 1996 ('PLRA'), 42 U.S.C. § 1997e." (Doc. No. 12, PageID# 42.) To support that argument, Graulau filed a statement of undisputed material facts, a copy of the grievance procedure in effect at the DCSO, and the declaration of Tom Davis, the DCSO Records Manager. (Doc. Nos. 13, 14, 14-1.) Graulau argues that Brooks "never filed a grievance about a use of force incident on or around July 18, 2016, nor did he file a grievance of any kind against Corporal Michael Graulau. (Doc. No. 12,

---

[1] In Graulau's statement of undisputed material facts, he notes that "[t]he incident that is the subject of Mr. Brooks's Complaint occurred on July 18, 2016, or July 18, 2017. (Doc. No. 13, PageID# 50, ¶ 6.) Because Brooks filed this lawsuit on April 11, 2017, it is not possible that a July 18, 2017 incident gave rise to his claim.

2

PageID# 43.) Although Brooks did not respond to Graulau's motion for summary judgment, he does state in his complaint that he "took grievance[s] out [against] both part[ie]s" and "ap[p]ealed one." (Doc. No. 1, PageID# 4.)

On April 19, 2018, the Court noted that Brooks had not responded to Graulau's motion for summary judgment and ordered him to show cause within thirty days why the Magistrate Judge should not recommend that judgment be entered in Graulau's favor for the reasons stated in his motion for summary judgment or for Brooks's failure to prosecute his claims. (Doc. No. 15, PageID# 83.) Brooks was "forewarned that failure to respond to [the] Court's order may result in a recommendation that judgment be entered in favor of Graulau and that his case be dismissed." (*Id.*) Brooks was released from custody on July 20, 2017. He has not responded to the Court's order. (Doc. No. 10; Doc. No. 14, PageID# 52, ¶ 2.)

## II. Legal Standard

### A. Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail, the moving party must prove the absence of a genuine issue of material fact as to any essential element of the opposing party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986); *Stiles ex rel. D.S. v. Grainger Cty.*, 819 F.3d 834, 847 (6th Cir. 2016). In determining whether the moving party has met its burden, a court must view the factual evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Stiles*, 819 F.3d at 848. A court must not weigh the evidence and determine the truth of the matters asserted but instead must "determine whether there is a genuine issue for trial."

*Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 775 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

If the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which it has the burden, however, the moving party is entitled to judgment as a matter of law. *Martinez v. Cracker Barrel Old Country Store, Inc.*, 703 F.3d 911, 914 (6th Cir. 2013) (citation omitted). To preclude summary judgment, the nonmoving party must go beyond the pleadings and present specific facts demonstrating the existence of a genuine issue for trial. *Shreve v. Franklin Cty.*, 743 F.3d 126, 132 (6th Cir. 2014) (citations omitted). "A mere scintilla of evidence by the nonmoving party is insufficient to defeat summary judgment; 'there must be evidence on which the jury could reasonably find for the [nonmoving party].'" *St. Clair Marine Salvage, Inc. v. Bulgarelli*, 796 F.3d 569, 574 n.2 (6th Cir. 2015) (alteration in original) (quoting *Anderson,* 477 U.S. at 252). If the evidence offered by the nonmoving party is "merely colorable," "not significantly probative," or not enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment may be granted. *Anderson*, 477 U.S. at 249–52.

This Court's Local Rules 7.01(b) and 56.01(g) govern responses to motions generally and statements of material facts filed with motions for summary judgment, respectively. Local Rule 7.01(b) states, in pertinent part, that "[f]ailure to file a timely response [to a motion] shall indicate that there is no opposition to the motion." M.D. Tenn. Rule 7.01(b) (response). Regarding responses to statements of material facts in the summary judgment context, Local Rule 56.01(g) provides that "[f]ailure to respond to a moving party's statement of material facts . . . shall indicate that the asserted facts are not disputed for the purposes of summary judgment." M.D. Tenn. Rule 56.01(g) (failure to respond). However, "[a] district court cannot grant summary judgment in favor

4

of a movant simply because the adverse party has not responded," *Evans v. Plummer*, No. 16-3826, 2017 WL 1400495, at *9 (6th Cir. Apr. 19, 2017) (quoting *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)). The court must instead examine the motion to determine whether the movant has discharged its burden of demonstrating the absence of a genuine issue of material fact. *Id.*

### B. Failure to Prosecute

Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) does not abrogate the power of courts, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) ("[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal") (citing *Link*, 370 U.S. at 626).

In determining whether dismissal under Rule 41(b) is appropriate, the Court considers four factors: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Carpenter v. City of Flint*, 723 F.3d 700, 703–04 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2011)). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). The Sixth Circuit has cautioned that dismissal with prejudice is a "harsh sanction" that should only apply in extreme situations where there is a "clear record of delay or contumacious

5

conduct by the plaintiff." *Carter*, 636 F.2d at 161. Dismissal without prejudice is "a comparatively lenient sanction" for which the "controlling standards should be greatly relaxed because the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R. Inc.*, 110 F. App'x 552, 556 n.4 (6th Cir. 2004).

**III. Analysis**

For the reasons that follow, the Magistrate Judge recommends that Graulau's motion for summary judgment be granted and Brooks's case be dismissed with prejudice. Brooks's failure to comply with the Court's orders provides a second basis for dismissal.

### A. Graulau's Motion for Summary Judgment

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). A claim that a prison official used excessive force addresses "prison conditions" and is therefore subject to the PLRA's exhaustion requirement. *See Freeman v. Francis*, 196 F.3d 641, 643–44 (6th Cir. 1999). That requirement is "not jurisdictional; rather, exhaustion is an affirmative defense that must be pleaded and proved by the defendant[]." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citing *Jones v. Bock*, 549 U.S. 199, 212 (2007)). Once Graulau has "put forth evidence" establishing that Brooks failed to exhaust his claims, Brooks is required "to present 'significant probative evidence' to defeat the motion for summary judgment on this ground." *Napier v. Laurel Cty.*, 636 F.3d 218, 225 (6th Cir. 2011).

Proper exhaustion of Brooks's claims requires him to "compl[y] with the grievance procedures put forward by his correctional institution." *Mattox*, 851 F.3d at 590. Full exhaustion

6

requires pursuing a grievance "through the final level of administrative appeal." *Chadwick v. Corr. Corp. of Am.*, No. 3:16-CV-00712, 2018 WL 2416198, at *8 (M.D. Tenn. May 29, 2018) (citing *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999)). That requirement is consistent with the purpose of exhaustion under the PLRA, which is to "allow prison officials ' a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." *Mattox*, 851 F.3d at 591 (quoting *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010)).

DCSO Policy #1-3.540 provides the grievance procedure for the jails maintained by the DCSO. (Doc. No. 14, PageID# 52.) It states that:

> Inmates may file written grievances on official DCSO grievance forms provided by staff, or on plain paper in emergency situations. Complaints about specific incidents should be filed within seven days of the incident. . . .
>
> The designated responder will investigate the complaint as needed, take steps to address or remedy legitimate complaints, initiate changes where appropriate, and forward the JMS grievance response form to the inmate by the date specified. . . .
>
> Each grievance should be limited to one issue. If the inmate submits a form with multiple issues the coordinator will return the grievance with the instructions for the inmate to resubmit one form for each grievance. . . .
>
> An inmate dissatisfied with a grievance response may appeal it to the facility administrator, or, if the administrator is the subject of the complaint, to the appropriate chief. Appeal should be made within five working days of receiving the response that is being appealed. The grievance coordinator will record the appeal and forward it to the appropriate responder, who will answer it within seven working days. An inmate may only appeal each grievance one time.

(Doc. No. 14-1, PageID# 56–58.)

In his statement of undisputed material facts, Graulau asserts that "Mr. Brooks never filed a grievance about a use of force incident on or around July 18, 2016, nor did he file a grievance of any kind against [Graulau]." (Doc. No. 13, PageID# 50.) Graulau supports that statement with the affidavit of DCSO Records Manager Tom Davis, in which Davis states that he is the "custodian

7

of the grievance records maintained by the DCSO, including grievance appeals," and that his "review [of the records pertaining to [Brooks] revealed" no grievance concerning the July 18, 2016 use-of-force incident or an incident involving Graulau. (Doc. No. 14, PageID# 53, ¶¶ 5, 6.) Under this Court's Local Rules, Brooks's failure to respond to Graulau's statement of undisputed material facts establishes that Brooks does not dispute that he failed to file a grievance relating to this incident. *See Smith v. Corr. Corp. of Am.*, No. 3:13-1152, 2014 WL 4655287, at *4 (M.D. Tenn. Sept. 16, 2014).

Because Graulau has offered evidence establishing that Brooks failed to exhaust his excessive force claim, Brooks must present "significant probative evidence" in rebuttal to survive summary judgment. *Napier*, 636 F.3d at 225; *see also Jones v. Warden Ross Corr. Inst.*, No. 2:11-CV-871, 2013 WL 3976667, at *5 (S.D. Ohio Aug. 2, 2013). Brooks has not done so. The only evidence in the record that hints at the possibility of a factual dispute on the question of exhaustion is Brooks's allegation in his verified complaint that he "took grievance[s] out [against] both part[ie]s" and "ap[p]ealed one." (Doc. No. 1, PageID# 4.) Although a verified complaint is treated as an affidavit at the summary judgment stage and can therefore create a triable factual dispute, this allegation is too vague and conclusory to constitute "significant probative evidence" that Brooks exhausted his excessive force claim. *Napier*, 636 F.3d at 225; *Miller v. Jones*, 483 F. App'x 202, 203 (6th Cir. 2012) (explaining that "courts should consider the allegations in a pro se prisoner's verified complaints (which are effectively affidavits) before entering judgment against him, even if the prisoner fails to cite that evidence in response to a motion for summary judgment"). As Graulau points out, Brooks's complaint mentions grievances that he filed—Brooks states that he filed a grievance related to an incident that occurred on June 19 (Doc. No. 1, PageID# 2)—"but he does not claim to have grieved the incident involving Corporal Graulau." (Doc. No.

12, PageID# 46.) The vague nature of Brooks's assertion, taken with his failure to oppose Graulau's statement of fact that he did not exhaust this claim, does not overcome Graulau's affirmative defense. Summary judgment is appropriate.

### B. Dismissal Under Rule 41(b)

Dismissal of this lawsuit is also warranted under Federal Rule of Civil Procedure 41(b) based on Brooks's failure to prosecute his case and to comply with the Court's orders. In its April 21, 2017 order, the Court warned Brooks "that failure to keep the [C]ourt apprised at all times of his current address will result in dismissal of his lawsuit for failure to prosecute and failure to comply with the [C]ourt's order." (Doc. No. 3, PageID# 12–13.) Despite that warning, Brooks did not provide the Court with a new address after being released from jail on July 20, 2017. (Doc. No. 10; Doc. No. 14, PageID# 52, ¶ 2.) "It is not the Court's duty to search out and locate [Brooks]." *Williams v. Blanchard*, Civil No. 3:12-0932, 2014 WL 3672105, at *2 (M.D. Tenn. July 23, 2014); *see also Keaton v. Bennett*, 322 F.R.D. 303 (N.D. Ohio Sept. 15, 2017) (explaining that pro se plaintiff's failure to keep the court apprised of his current address was "indicative of his disregard for the court's ability to manage [the] litigation in an orderly fashion").

Brooks then failed to respond to the Court's April 19, 2018 order requiring him to explain why his action should not be dismissed for the reasons stated in Graulau's motion for summary judgment or for Brooks's failure to prosecute. (Doc. No. 15, PageID# 83.) That order warned Brooks that a "failure to respond may . . . result in a recommendation that judgment be entered in favor of Gralau and that [this] case be dismissed." (*Id.*) Brooks has not taken any action in his lawsuit since the end of June 2017, when he completed a service packet for Graulau.

The Court warned Brooks that the conduct that he ultimately engaged in could lead to dismissal of his lawsuit. "When a party receives a targeted warning that its failure to prosecute will

9

lead to dismissal, but nonetheless persists in its noncompliance," dismissal is appropriate. *Saulsberry*, 622 F. App'x at 547. The fact that the Court sent the order to show cause to Brook's jail address after he had been released does not make the notice deficient—notice "is properly made to [a] party's 'last known address.'" *Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (explaining that the court's order was mailed to plaintiff at her last known address, and that, if that had changed, plaintiff "had an affirmative duty" to notify the court). Rule 41(b) provides a second basis for the dismissal of Brooks's action.

**IV. Recommendation**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that Graulau's motion for summary judgment (Doc. No. 11) be GRANTED.

Any party has fourteen days after being served with this report and recommendation in which to file any written objections to it. A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of further appeal of the matters disposed of therein. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Entered the 20th day of August, 2018.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge